**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:

    **BONNIE JEAN WISENBURG,**       CASE NUMBER: **3:08−bk−07480−JAF**
                                                                              CHAPTER 7

    Debtor.
_____

**AARON R. COHEN, Trustee of the Estate of**
**Bonnie Jean Wisenburg**,

    Plaintiff,

vs.                                                               ADVERSARY NO.: **3:11-ap-00145-JAF**

**MARCUS OVERCAST**,

    Defendant.
_____

## DEFENDANT MARCUS OVERCAST'S ANSWER TO COMPLAINT
## AND AFFIRMATIVE DEFENSES

COMES NOW Marcus Overcast (the "Defendant"), by and through his undersigned attorney, and files this his Answer to Plaintiff's Complaint and Affirmative Defenses and alleges and says as follows:

    1.     The Defendant admits the allegations set forth in paragraph 1.

    2.     The Defendant admits the allegation set forth in paragraph 2 that this is an adversary proceeding. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph and demands full proof thereof.

    3.     The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3.

    4.     The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.

    5.     In answer to Paragraph 5, Defendant admits execution of a promissory note on January 28, 2008. Defendant asserts any and all amounts due on any promissory note executed by Defendant have been paid in full and any such promissory note has no value. Defendant is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph and demands full proof thereof.

6. Defendant denies the allegations set forth in Paragraph 6 and demands full proof thereof.

7. Defendant denies the allegations set forth in Paragraph 7 and demands full proof thereof.

8. Defendant denies the allegations set forth in Paragraph 8 and demands full proof thereof.

9. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and demands full proof thereof.

10. Defendant denies the allegations set forth in Paragraph 10 and demands full proof thereof.

11. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and demands full proof thereof.

## **AFFIRMATIVE DEFENSES**

12. Defendant reasserts his allegations set forth above as though the same were set forth in full herein.

13. The Plaintiff's complaint does not include a copy of the promissory note that is the subject of his complaint or any evidence or affidavit as to the existence of a note or indebtedness, and therefore fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure.

14. Defendant and Debtor entered into an agreement for payments to Debtor in satisfaction of a promissory note. Therefore, any claims and causes of action with regard to Debtor and Defendant and a promissory note are barred by the doctrine of accord and satisfaction.

15. Defendant has made all required payments and any promissory note executed between Defendant and Debtor has been fully satisfied.

16. Plaintiff has failed to perform all conditions precedent necessary to bringing this action.

17. Defendant reserves the right to assert additional affirmative defenses and counterclaims in the event that further investigation with regard to this matter should warrant such assertion.

**WHEREFORE**, Defendant demands the Plaintiff's complaint be dismissed with prejudice, and for his attorney's fees and costs, and for all other relief to which this Court finds this Defendant entitled.

   /s/ Robert Bernard_____

Robert Bernard, Esquire
Florida Bar No: 681067
Law Office of Robert D Bernard, PL
5211 S Fletcher Ave, Suite 265
Amelia Island, FL 32034
Telephone: (904) 261-2600
Facsimile: (888) 370-3202
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of June, 2011, a true and correct copy of the forgoing was furnished by facsimile and/or the Court's CM/ECF system to **Thomas Lobello, III, Esq.**, attorney for Plaintiff *(904) 356-0516*.

ROBERT D. BERNARD, P.L.

   /s/ Robert Bernard_____
Robert Bernard, Esquire